IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BARBARA LUCIA DE MELO RABELO**
1316 NORTH 50 WEST
PLEASANT GROVE, UT 84062

*Plaintiff.*

vs.

**ALEJANDRO MAYORKAS,**
SECRETARY, U.S. DEPT. OF
HOMELAND SECURITY
C/O OFFICE OF THE GENERAL
COUNSEL
245 MURRAY LANE, SW
MAIL STOP 0485
WASHINGTON, DC 20528-0485

**UR MENDOZA JADDOU**,
DIRECTOR, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES
C/O OFFICE OF CHIEF COUNSEL
5900 CAPITAL GATEWAY DRIVE
MAIL STOP 2120
CAMP SPRINGS, MD 20588-0009

**CONNIE NOLAN,** ASSOCIATE
DIRECTOR, SERVICE CENTER
OPERATIONS DIRECTORATE,
C/O OFFICE OF CHIEF COUNSEL
5900 CAPITAL GATEWAY DRIVE
MAIL STOP 2120
CAMP SPRINGS, MD 20588-0009

*Defendants.*

**COMPLAINT FOR**

**DECLARATORY RELIEF AND**

**REVIEW OF AGENCY ACTION**

**UNDER THE ADMINISTRATIVE**

**PROCEDURE ACT**

Comes now, Mrs. Barbara Lucia de Melo Rabelo (hereinafter "Mrs. Rabelo" and/or "Plaintiff") by and through undersigned counsel to file this civil action seeking declaratory relief and review of agency action under the Administrative Procedure Act based on Defendants' capricious and arbitrary denial of the I-485 Application to Register Permanent Residence filed by the Beneficiary.

Therefore, Plaintiffs state the following in support of this action:

## PARTIES

1.   Plaintiff, Mrs. Barbara Rabelo, is a native and citizen of Brazil and the beneficiary of an approved I-140 Petition for Alien Workers, (USCIS Receipt Number: LIN2216551057), approved on April 04, 2022.

2.   On October 29, 2024, Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status was denied, for the foregoing reasons.

3.   Defendant, Alejandro Mayorkas, is the duly appointed Secretary of the Dept. of Homeland Security. In the official capacity as the Secretary, he oversees the United States Department of Homeland Security (hereafter "DHS"), which includes the sub-agency, USCIS, and verifying that the Immigration and Nationality Act (hereafter "INA") regulations are being implemented. He is further authorized to delegate certain powers and authority to subordinate employees of USCIS.

4.   Defendant, Ur Mendoza Jaddou, is duly appointed as the Director of USCIS, with the duty to oversee the adjudication of immigration benefits pursuant to the

Immigration and Nationality Act, 8 U.S.C. §1101 et. seq.  This duty includes the requirement to complete proceedings within a reasonable time, including adjudicating EB-3 immigrant visa petitions and adjustment of status applications.

5.    Defendant, Connie Nolan, is sued in her official capacity as the Associate Director for the USCIS Service Center Operations Directorate. Ms. Nolan's Service Center Operations Directorate provides services for persons seeking immigration benefits and provides decisions to individuals requesting immigration benefits, including the Nebraska Service Center where Mrs. Rabelo and her dependents' I-485 applications were denied.

## JURISDICTION AND VENUE

6.    Pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 701 and 702, and 28 U.S.C. § 2201, et seq. jurisdiction in this case is proper and relief is requested pursuant to these statutes.

7.    Specifically, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. § 555(b) & § 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. § 1361, which gives the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States, or any agency therefore to perform a duty owed to the plaintiff.

8.    Furthermore, the Declaratory Judgment Act, 28 U.S.C. 2201, provides that "in a case of actual controversy within its jurisdiction … any court of the U.S., upon filing of

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT - 3

an appropriate pleading, may declare the rights of any interested party seeking such declaration, whether or not further relief could be sought."

9.  28 U.S.C. § 1391(e), as amended, provides that venue for suits against the U.S., a federal agency, or a federal official acting in his or her official capacity, can be brought in any one of the three judicial districts where: 1) where a defendant resides; 2) where a substantial part of the events or omissions giving rise to the claim occurred; or 3) where the plaintiff resides if no real property is involved.

10.  Venue is proper in this District because this is an action against officers and agencies of the U.S. in their official capacities, brought in this district where the defendants reside. As already mentioned above, the Defendant, Alejandro Mayorkas is sued in his official capacity as Secretary of Dept. of Homeland Security, a U.S. federal agency and resident of this district who is the main agency above the other defendants.

11. Furthermore, because national policy concerning the adjudication of petitions and applications for immigration benefits – including immigrant visa petitions and adjustment of status is devised by the U.S. Dept. of Homeland Security and implemented by USCIS, venue is proper in this district.

12.  Therefore, under 28 U.S.C. § 1391(e)(2) & (3), venue is proper in the U.S. District Court of Columbia (D.C.).

## STATUTORY AND REGULATORY BACKGROUND

13. The INA provides for immigrant visas to be made available each year to a certain number of foreign workers who fall within the employment-based categories, including in the third preference category: EB-3.

14. This section of the INA sets forth the eligibility criteria for the EB-3 "other workers" category, which includes unskilled laborers. It emphasizes that these workers must be capable of performing unskilled labor that is not temporary or seasonal and for which qualified workers are not available in the United States. (8 U.S.C. §203 (b)(3)(C)).

15. The EB-3 visa category is indeed designed for skilled workers, professionals, and unskilled workers. However, it's important to note that even though the EB-3 category is available for "unskilled" workers, there are still certain requirements that need to be met for eligibility. While there might not be specific minimum educational or experience requirements, there are other criteria that must be fulfilled.

16. To qualify as an EB-3 unskilled worker (often referred to as the EB-3 Other Worker category), the applicant must typically have a permanent job offer from a U.S. employer which is willing to sponsor them for lawful permanent residency. The job must be full-time and not temporary. Additionally, the employer must demonstrate that there are no qualified U.S. workers available to fill the position.

17. Once the employer obtains a labor certification (form ETA-9089) from the US Department of Labor, it must submit to USCIS an I-140 Petition for Alien Worker demonstrating that the beneficiary or employee qualifies for the classification sought.

18. Then such foreign national can apply to become a lawful permanent resident [8 U.S.C. § 1255(a)]. The beneficiary makes this request to USCIS by filing an I-485, Application to Register Permanent Residence or Adjust Status [8 C.F.R. § 245.2(a)(3)(ii)].

19. A beneficiary of most employment-based petitions can simultaneously file their I-485 application when their employer/petitioning entity files the I-140 petition [8 C.F.R. § 245.2(a)(2)(i)].

20. In addition, USCIS policy regarding the transfer of the underlying basis of a pending Form I-485 to a different approved I-140 petition is outlined in the USCIS Policy Manual, Volume 7, Part A, Chapter 8. This policy allows applicants to request a transfer of the underlying basis of their adjustment of status application to a different employment-based preference category. The request for such a transfer must be made in writing to USCIS.

21. The Department of State publishes the Visa Bulletin[1], which includes two charts: the "Final Action Dates" and the "Dates for Filing." The "Final Action Dates" chart indicates when a visa number is available for a particular category and country. Applicants with a priority date earlier than the date listed in this chart are eligible to have their immigrant visas issued or their adjustment of status applications approved. The "Dates for Filing" chart allows applicants to file their Form I-485 applications earlier than the Final

---

[1] https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin.html

Action Dates chart. It shows the dates when applicants may submit their applications to USCIS, provided that USCIS has announced that the Dates for Filing chart can be used for that month. This chart is beneficial as it allows applicants to begin the adjustment of status process sooner, even if a visa number is not yet available according to the Final Action Dates chart.

22. The regulations at 8 CFR § 245.1 and related sections govern the adjustment of status process but do not explicitly mandate which chart must be used for transfer requests of the underlying basis of a Form I-485. The statute does not explicitly mandate that a transfer request of the underlying basis of a Form I-485 must be governed by the "Final Action Dates" rather than the "Dates for Filing." This ambiguity allows for interpretation that could favor the applicant's ability to adjust status based on the "Dates for Filing."

23. The Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) overruled *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, which had established the principle of deferring to agency interpretations of ambiguous statutes. The Loper Bright decision recognized that Congress sometimes grants agencies discretion, but it also emphasized the need for clear statutory mandates.

24. In light of *Loper Bright*, USCIS should not have unfettered deference to interpret ambiguous, vague, or incomplete statutory provisions in a manner that restricts the rights of beneficiaries to choose their preference category or to file multiple I-485 applications.

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT - 7

The lack of explicit statutory language governing the use of "Final Action Dates" over "Dates for Filing" supports this argument.

25. This statutory and regulatory background supports the position that beneficiaries have the right to choose their preference category and file multiple I-485 applications, and that USCIS's discretion should be limited in light of the Loper Bright decision

## **FACTUAL BACKGROUND**

26. Mrs. Rabelo entered the U.S. on August 29, 2019, under an F-1 status to enroll in an English as a Second Language course at PACE International Academy in Orem, UT.

27. On September 16, 2020, an I-140 Immigrant Petition for Alien Worker, under the EB-2 National Interest Waiver ("NIW"), preference category was filed by the Self-Petitioner, Mrs. Barbara Lucia de Melo Rabelo (USCIS I-140 Petition Receipt #: LIN2190019484). Simultaneously, the applicant filed her Form I-485, Application to Register Permanent Residence or Adjust Status (USCIS I-485 Application Receipt #: LIN2190019485) based upon being the beneficiary/self-petitioner of an employment-based immigrant visa petition under the EB-2 NIW preference.

28. On April 19, 2021, USCIS issued a Request for Evidence ("RFE") on the self-petitioner's I-140 Immigrant Petition for Alien Worker under the EB-2 NIW preference category.

29. While that case was pending, later, on September 10, 2021, Mrs. Rabelo filed a second, I-140 petition under the EB-2 NIW preference category (USCIS I-140 Petition Receipt #: LIN2190493248).

30. Then on September 13, 2021, Mrs. Rabelo mailed to USCIS the previous I-140 petition's RFE response packet (USCIS I-140 Petition Receipt #: LIN2190019484). Within that previous I-140 petition's RFE response packet included the written request, to withdraw the previous I-140 petition and to transfer her pending I-485 application to the new pending and second Form I-140 under the EB-2 NIW preference. (USCIS I-140 Receipt #: LIN2190493248).

31. The withdrawal was corroborated by USCIS' case status online and the I-140 Petition's decision notice, on September 30, 2021, USCIS acknowledged Mrs. Rabelo's withdrawal request of the previous I-140 petition (USCIS I-140 Receipt #: LIN2190019484).

32. However, this same USCIS's I-140 petition's decision notice, did not mention or acknowledge the transfer request previously made by Mrs. Rabelo for USCIS to transfer her pending I-485 application to the newly pending I-140 petition under the EB-2 NIW preference (USCIS I-140 Receipt #: LIN2190493248).

33. As mentioned above, it is important to note that Mrs. Rebelo simultaneously made the written requests for withdrawal of the previous I-140 petition under the EB-2

NIW preference and the transfer of the pending I-485 application to the newly filed I-140 petition (USCIS I-140 Petition's Receipt #: LIN2190493248).

34. On March 23,2022, the U.S. petitioning employer, 24 Hour Express LLC, filed an I-140 petition, on Mrs. Rabelo's behalf, under the EB-3 preference (USCIS I-140 Petition's Receipt #: LIN2216551057).

35. On April 04, 2022, this I-140 petition under the EB-3 preference, was approved.

36. On October 27, 2022, USCIS issued another RFE for Mrs. Rebelo's second and pending Form I-140 under the EB-2 NIW preference. (USCIS I-140 Receipt #: LIN2190493248).

37. On December 08, 2022, Mrs. Rabelo mailed to USCIS the I-140 petition's RFE response packet (USCIS I-140 Petition's Receipt #: LIN2190493248). The RFE response also included a written request, to formally withdraw the new I-140 petition under the EB-2 NIW preference and to transfer her pending I-485 application to the approved I-140 petition under the EB-3 Other Workers preference category (USCIS I-140 Petition Receipt #: LIN2216551057).

38. Furthermore, out of precaution, on January 12, 2023, Mrs. Rabelo mailed a second written request to transfer the underlying bases of the pending I-485 Adjustment of Status Application to the principal applicant's approved I-140 petition under the EB3 Preference.

39. On October 3, 2023, despite both written requests to transfer Mrs. Rabelo's I-485 application to the newly approved I-140 petition under the EB-3 preference category, USCIS denied her I-485 application.  USCIS records did not accurately reflect Mrs. Rabelo's status as the beneficiary of a second pending immigrant visa petition, and the previously submitted transfer request was appropriately filed.

40. Additionally, at the time of the initial written transfer request in December 2022, the priority date of the beneficiary's I-140 petition (March 29, 2021) was current.[2]

41. Mrs. Rabelo's I-485 application's denial decision notice incorrectly concludes that "… when the request to transfer was made on December 8, 2022, a visa for Other Workers with priority date of March 29, 2021, was not available."

42. However, this assertion is incorrect. In December of 2022, USCIS was utilizing the "Dates for Filing for Employment-Based Adjustment of Status Application's Chart" from the Visa Bulletin. This chart indicated that the date for filing for the category "Other Workers" category permitted applicants whose priority dates were September 8, 2022 and earlier to file their adjustment of status applications.

43. Thus, because Mrs. Rabelo's priority date of the approved I-140 petition under the EB-3 preference category was available on December 8, 2022, when the request to

_____

[2] USCIS Website "When to File Your Adjustment of Status Application for Family-Sponsored or Employment-Based Preference Visas: December 2022. https://www.uscis.gov/green-card/green-card-processes-and-procedures/visa-availability-priority-dates/when-to-file-your-adjustment-of-status-application-for-family-sponsored-or-employment-based-83

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT - 11

transfer was made, she was allowed to transfer her adjustment of status application to the newly approved petition.

44. In addition to not observing the two requests to transfer the underlying bases of the pending I-485 Adjustment of Status application to the approved I-140 petition of the principal applicant in the EB3 Preference Category (submitted on December 8, 2022, and January 12, 2022), USCIS issued an erroneous decision denying the application, without recognizing that, in fact, Mrs. Rabelo's priority date of March 29, 2021, was available in the December 2022 Visa Bulletin, as evidenced above.

45. On the Denial Notice, issued on October 6, 2023, USCIS' adjudication officer, L. Miller, stated *"...You do not have an approved I-140 petition under the EB-3 preference category as your attorney has claimed. Your approved I-140 petition (LIN2216551057) is under the Other Workers preference category (?).*

46. The I-485 MTRR's decision provided a minimal explanation for its denial which is contrary to the evidence before the agency. The I-485 MTRR's decision notice only provided a short statement as to why the Motion to Reopen should be denied: "*Your Form I-485 remains denied. After additional review of the record of proceeding, including your motion, USCIS determined that you have not established eligibility for the requested benefit*" (MTRR Decision Notice, 2).

47. On August 22, 2024, USCIS reopened the motion on I-485 to analyze the case once again. However, on October 29, 2024, USCIS denied the motion on the I-485 once

again stating: "In the December 2022 and January 2023 visa bulletins, the Final Action Date cutoff for the rest-of-the-world "other workers" was June 2020. Based on your priority date of March 29, 2021, an immigrant visa was not immediately available when the transfer requests were received by USCIS or in any subsequent month to date".

48. Considering Mrs. Rabelo's status as a beneficiary with an approved immigrant visa petition under the EB-3 preference category other workers and given the formal request for transfer of her I-485 application, Plaintiff has no other choice but to seek this Hon. Court to order USCIS to reverse their wrongful denial decision and approve Mrs. Rabelo's adjustment of status application.

49. Since there is no statutory indication that the "final action dates" should be used by USCIS to accept a transfer request instead of the "dates for filing", the lack of deference by the part of the defendants gives the courts the power to clarify, interpret, and establish the rule in this case. And, the defendants cannot make any logical, practical, legal argument as to why the "final action dates" should be used, since the plaintiff is not asking for the final adjudication of the case but for a transfer of an already filed and currently pending I-485, which is procedurally much closer to the filling of a new application than to the final adjudication of an I-485.

50. Since the dates for filling indicates the earliest date an I-485 can be filed according to the visa bulletin and based on the priority date of the underlying petition, it should also be used for a request to transfer a pending I-485 to a different category since it could be

considered inappropriate for the plaintiffs to file a new I-485 when there was one already pending.

51. This conclusion is grounded in the factual background outlined, highlighting the procedural irregularity and the importance of adherence to established immigration protocols., and practices, as well as legal principals such as economy of process and fairness in the adjudication of application for immigration benefits.

52. The Court is further requested to recognize that in transfer cases, where the I-485 is pending and the beneficiary has another approved or pending I-140 or other petition, the dates of filing should be used to allow for such transfer to occur, especially when USCIS has already allowed applicants to use such dates for the filing of their I-485s.

## EXHAUSTION OF REMEDIES

53.    Plaintiffs have exhausted their administrative remedies.

54.    Plaintiff filed an I-290B Motion to Reopen and Reconsider the denial of the I-485 application and that motion was dismissed by USCIS on December 12, 2023. The denial of the I-485 application and dismissal of the Motion to Reopen and Reconsider are final agency actions.  The motion was reopened, and a new decision was issued on October 29, 2024, keeping the I-485 denied once again.

55.     Neither the Act nor U.S. Dept. of Homeland Security's regulations via 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

56.   In addition, under 5 U.S.C. §§ 702, 704, Mrs. Rabelo and her family have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## CLAIMS FOR RELIEF:

## I.   ADMINISTRATIVE PROCEDURE ACT VIOLATION

57.   Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth here.

58.   The denial of the I-485 application and motion to reopen/reconsider are agency action under the Administrative Protective Act ("APA").

59.   Pursuant to 5 U.S.C. § 702, the APA governs the review of agency action where a person has suffered a "legal wrong" or has been "adversely affected or aggrieved by agency action.

60.   Here, indeed the denials of the I-485 applications and dismissal of her motion to reopen/reconsider are improper and reviewable under 5 U.S.C. § 702.

61.   It is understood that in an APA suit, the court's review is largely limited to the contents of the administrative record … the court thus sits as an appellate tribunal to determine whether as a matter of law, the record supports the agency's decision. [*Khedkar v. USCIS*, 2021 U.S. Dist. LEXIS 146437, *7 (D.D.C. 2021)].

62. 5 U.S.C. 706(2) states that "the reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be – arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

63. Therefore, under this standard of review, the agency's decision will be reversed if it "*entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise*" [*DHS v. Regents of the Univ. of Cal*, 140 S. Ct. 1891, 1913(2020)].

64. First, the agency's decision to deny the I-485 petition should be reversed because USCIS failed to consider an important aspect of the problem in this case.

65. Petitioner's counsel attempted to communicate with USCIS twice to request the transfer of the I-485 application to the newly approved I-140 petition under the EB-3 preference category.

66. To effectuate a transfer of an adjustment application from one basis to another, it is imperative that there exists an unbroken continuity in the applicant's underlying eligibility to adjust prior to the submission of the transfer request. Should the applicant fail to maintain this eligibility until the moment the transfer request is submitted, the transfer cannot be granted. It is crucial to note that the determining factor for assessing

the continuity of eligibility is the date on which the transfer request is received, rather than the subsequent dates on which the request is reviewed or granted.[3]

67. In this case, on September 13, 2021, Mrs. Rabelo submitted a written request to USCIS to withdraw and transfer her pending I-485 application to a new, pending Form I-140 under the EB-2 National Interest Waiver (NIW) preference category (USCIS I-140 Receipt # LIN2190493248). Subsequently, on December 08, 2022, Mrs. Rabelo sent another communication containing a written request to formally withdraw the new I-140 petition under the EB-2 NIW category and transfer her pending I-485 to the approved EB-3 Other Workers preference category.

68. Mrs. Rabelo's proactive efforts to transfer her pending I-485 application to a more suitable preference category underscore her commitment to complying with USCIS procedures. Despite encountering challenges, her case warrants further review to ensure fair treatment under the law. Therefore, USCIS should reevaluate her requests to facilitate a just resolution.

69. But even USCIS argues that the revocation decision is committed by the Attorney General's unfettered discretion, § 1252(a)(2)(B)(ii) would not deprive this Court of jurisdiction because Plaintiffs are not asking the Court to second guess USCIS' decision to deny the I-485 Application.

---

[3] https://www.uscis.gov/policy-manual/volume-7-part-a-chapter-8

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT - 17

70. Instead, the Plaintiffs request to be granted an opportunity to be heard on the matter, and it is incumbent upon this Court to issue a final decision. The question of whether USCIS must provide them with that opportunity is a purely legal matter within the jurisdiction of this Court.

71. Thus, the Plaintiffs seek the Court's intervention to ensure their right to due process is upheld and to render a definitive ruling on the matter.

72. Second, the I-485 MTRR's from October 29, 2024, stated: "*In the December 2022 and January 2023 visa bulletins, the Final Action Date cutoff for the rest-of-the-world "other workers" was June 2020. Based on your priority date of March 29, 2021, an immigrant visa was not immediately available when the transfer requests were received by USCIS or in any subsequent month to date*".

73. USCIS' actions here are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, and they should be held unlawful and set aside under 5 U.S.C. § 706(2)(A) and (D).

74. Because of Defendants' erroneous decision on Plaintiff's I-485 Application to Register Permanent Residence or Adjust Status, she and her derivatives are now going through an unnecessary emotional and financial hardship that could have been avoided, if Defendants had acted diligently in the adjudication of their case.

75. Defendant's, USCIS' factual findings are clearly erroneous and not supported by the record because no connection exists between the conclusions asserted by USCIS in its denial and the facts in the records.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment on their behalf consisting of the following:

(1).  Assume jurisdiction and proper venue over this action.

(2).  Order USCIS to reopen the wrongfully denied I-485's Applications for Adjustment of Status of Mrs. Rabelo and her derivatives' and, order USCIS to afford Mrs. Rabelo and her derivative family members to adjust their status based on the approved I-140 petition under the EB-3 Other Workers preference category.

(3). Issue an order declaring that, due to the statutory ambiguity, USCIS should have applied the "Dates for Filing" from the December 2022 Visa Bulletin when adjudicating the Plaintiff's and similarly situated applicants' Form I-485 applications.

(4) Issue an order directing USCIS to properly adjudicate Plaintiff's I-485 Applications for Adjustment of Status and finally approve those applications so that the Plaintiff and her derivatives can receive their lawful permanent resident status.

(5). Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act, 22 U.S.C. § 2412; and

(6). Award such further relief as the Court deems just, necessary, or proper.

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT - 19

1

2    Date: January 20, 2025

3

4

5    Respectfully submitted,

6                                    /s/ Daniel Joseph Jones

7                                    _____

8                                    Daniel Joseph Jones
                                     DC Bar # 1035028
9                                    Law Office of D. J. Jones PLLC
                                     2101 L St NW, Suite 300
10                                   Washington, DC 20037
                                     (202) 750-4637
11                                   joe@djjon.es

12

13                                   /s/ Marcelo Gondim

14                                   _____

15                                   Marcelo Gondim
                                     CA Bar # 271302
16                                   Gondim Law Corp.
                                     1880 Century Park East, Suite 400
17                                   Los Angeles, CA 90067
                                     Telephone: 323-282-777
18                                   Email: court@gondim-law.com

19

20                                   *Attorneys for Plaintiffs*

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE
PROCEDURE ACT - 20