Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA LUCIA DE MELO RABELO<br><br>*Plaintiff,*<br><br>v.<br><br>KRISTI NOEM, Secretary, Department of<br><br>Homeland Security, et al.,<br><br>*Defendants.* | Case No.: 1:25-cv-00163<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 1

# TABLE OF CONTENTS

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS ................................................................... 5

INTRODUCTION .................................................................................................................... 5

STANDARD OF REVIEW ...................................................................................................... 6

ARGUMENT ............................................................................................................................ 8

    I.    Plaintiffs have been properly joined, and the Venue is proper in this District ... 8

        a.    Defendants' Residence in the District of Columbia ............................... 9

        b.    Substantial Events Occurred in the District of Columbia ..................... 10

    II.    Plaintiff's Claims Are Sufficiently Pled ............................................................ 11

CONCLUSION ....................................................................................................................... 14

**CERTIFICATE OF SERVICE** ............................................................................................ 16

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 2

# TABLE OF AUTHORITIES

**Cases**

*Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014)..................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).................................................................................7

*Aversa v. United States*, 99 F.3d 1200, 1209 (1 Cir., 1996).........................................................6

*Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015)...............................7

*Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) ...........................................................7

*Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) ..............................................9, 12

*Caremark Therapeutic Servs. v. Leavitt*, 405 F.Supp.2d 454, 457 .............................................7

*Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001) …………………………………………………………………………………………..10, 13

*Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) .....................6

*Marbury-Pattillo Construction Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974)..................................................................................................................................6

*Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.), cert. denied, 515 U.S. 1144 (1995)..6

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) .....................................................10

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)..........................................................7

*Thomson v. Gaskill,* 315 U.S. 442, 446 (1942) ..................................................................6

*TradeComet.com LLC v. Google, Inc.*, 693 F.Supp.2d 370, 375 ........................................7

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 3

*Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996)..............9, 11

*United States ex rel. Donohue v. Carranza*, 585 F.Supp.3d 383, 387 ...............................7

**Statutes**

28 U.S.C. § 1391(e).................................................................................9, 10, 12, 13

**Rules**

28 U.S.C. § 1404(a) ..................................................................................................6

Rule  12(b)(1) ..........................................................................................................6

Rule 12(b)(2) ...........................................................................................................8

Rule 12(b)(3) ......................................................................................................6, 7

Rule 12(b)(6) ..................................................................................................7, 8, 11

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 4

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS

Plaintiff, through her counsel, respectfully submits this opposition to the Defendants' Motion to Transfer and Motion to Dismiss, (Dkt. 9), for the below reasons, Defendants' motion should be denied.

## INTRODUCTION

Plaintiff filed her complaint on January 20, 2025, arguing that the denial of her I-485 application to adjust status was unjust and violated the Administrative Procedure Act and due process rights. Plaintiff seeks declaratory and injunctive relief to compel USCIS to reopen and properly adjudicate the application.

Defendants have filed a motion to transfer and to dismiss, arguing that the lawsuit filed by the plaintiff, Ms. De Melo Rabelo, should be transferred to the Western District of Utah, where the plaintiff resides, as the current venue in the District of Columbia is improper and inconvenient. They argue that the plaintiff's claims lack a substantial connection to the District of Columbia, as the decisions being challenged were made outside this district, and the relevant officials involved in the decision-making process do not reside in this district. Additionally, the defendants contend that the plaintiff has failed to state a plausible claim against the officials based in the District of Columbia, as the actions in question were under the control of the USCIS Service Center, not the high-

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 5

ranking officials named in the lawsuit. Consequently, they seek dismissal of the case under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3) for failure to state a claim and improper venue, respectively.

**STANDARD OF REVIEW**

To withstand a challenge under Rule 28 U.S.C. § 1404(a) "the plaintiff's choice of forum is not disturbed unless the balance of the factors weighs clearly in the defendant/movant's favor. As this court recognized in *Marbury-Pattillo Construction Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974), unless the balance is strongly in favor of the defendant, the Supreme Court has said that the plaintiff's choice of forum is not to be disturbed." *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

To withstand a challenge under Rule 12(b)(1) "Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Aversa v. United States*, 99 F.3d 1200, 1209 (1 Cir., 1996). In ruling on a motion to dismiss for lack of jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of plaintiff." *Aversa,* 99 F.3d at 1210; *Murphy v. United States,* 45 F.3d 520, 522 (1 Cir.), cert. denied, 515 U.S. 1144 (1995).

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 6

To withstand a challenge under Rule 12(b)(3) "The plaintiff bears the burden of proof of establishing proper venue in order to survive a Rule 12(b)(3) motion. *See United States ex rel. Donohue v. Carranza*, 585 F.Supp.3d 383, 387 (S.D.N.Y. 2022). And "[a]s with a motion to dismiss for lack of subject matter jurisdiction, courts may consider materials outside the pleadings on a motion to dismiss for improper venue." *Caremark Therapeutic Servs. v. Leavitt*, 405 F.Supp.2d 454, 457 (S.D.N.Y. 2005); *TradeComet.com LLC v. Google, Inc.*, 693 F.Supp.2d 370, 375 n.3 (S.D.N.Y. 2010).

To withstand a challenge under Rule 12(b)(6), "a complaint must set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept as true all of the factual allegations contained in the complaint and draw all inferences in favor of the nonmoving party." *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014) (quotation marks omitted). Moreover, "[a] complaint survives a motion to dismiss even '[i]f there are two alternative explanations, one advanced by [the] defendant and the other advanced by [the] plaintiff, both of which are plausible.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (first bracket added)). Even if defendant believes that its version will "prove to be the true one . . . that does not

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 7

relieve defendant [ ] of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery." *Id.*

## ARGUMENT

Plaintiff's complaint states two claims upon which relief may be granted. But Defendants raise three points in support of its contention that plaintiffs' complaint should be transferred and dismissed: (1) Improper Venue, (2) Plaintiffs lack Article III standing under Rule 12(b)(2) that the venue is improper for most plaintiffs, and (3) Plaintiffs' Claims Fail Under the Failure to State a Claim under Rule 12(b)(6).

### I. Plaintiffs have been properly joined, and the Venue is proper in this District

Defendants argue for the transfer and dismissal of claims brought by Plaintiff, that the venue in the District of Columbia is improper because the case lacks a substantial connection to this district. They argue that the plaintiff's claims do not have a meaningful link to the District of Columbia, as the decisions being challenged were made outside this district, and the relevant officials involved in the decision-making process do not reside in this district. The defendants assert that the plaintiff's attempt to establish venue in the District of Columbia is based on naming high-ranking officials who reside there, which they argue is insufficient to establish proper venue. They contend that the case should be

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 8

transferred to a more appropriate district, specifically the District of Utah, where the plaintiff resides and where the events giving rise to the claim occurred.

### a. Defendants' Residence in the District of Columbia

Under "§ 2 of the Mandamus and Venue Act of 1962 (Act),..."venue is appropriate in any district where a defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides if no real property is involved. In this case, the presence of high-ranking federal officials, including the Secretary of Homeland Security, who reside in the District of Columbia, establishes a valid basis for venue. The D.C. Circuit has consistently recognized that the residence of federal officials in their official capacity can establish venue in the District of Columbia. In *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993), the court held that venue was proper in the District of Columbia when federal officials were named as defendants, as their official duties and decision-making processes were centered in this district. Similarly, in *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996), the court found that policy decisions made in the District of Columbia could establish venue, even if the direct effects of those decisions were felt elsewhere.

The decision-making processes and policies challenged in this case emanate from the headquarters of the Department of Homeland Security and USCIS, both located in the District of Columbia. This connection satisfies the venue requirement under 28 U.S.C.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 9

§ 1391(e). The D.C. Circuit has held that policy decisions made in the District can establish venue, as seen in *Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 128 (D.D.C. 2001), where the court emphasized that the location of the decision-making process is a critical factor in determining venue.

### b. Substantial Events Occurred in the District of Columbia

The plaintiff's choice of forum is given substantial deference, particularly when the forum has a meaningful connection to the case. In *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981), the Supreme Court noted that the plaintiff's choice of forum should rarely be disturbed unless the balance of factors strongly favors the defendant. Given the presence of key defendants and the policy decisions at issue in the District of Columbia, the plaintiff's choice of forum is justified.

The decision-making processes and policies challenged in this case emanate from the headquarters of the Department of Homeland Security and USCIS, both located in the District of Columbia. This connection satisfies the venue requirement under 28 U.S.C. § 1391(e), as policy decisions made in the District can establish venue, even if the direct effects are felt elsewhere. The D.C. Circuit has held that the location of the decision-making process is a critical factor in determining venue, as demonstrated in *Greater Yellowstone Coalition v. Bosworth*. By challenging the policies at their source, the plaintiffs are addressing the root of their grievances, making the District of Columbia a logical and appropriate venue for this litigation.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 10

Litigating in the District of Columbia is convenient for the plaintiffs because it allows them to challenge the policies and decisions at their source, where the relevant federal agencies and officials are located. The D.C. Circuit has recognized the importance of convenience in venue determinations, as seen in *Trout Unlimited v. U.S. Dep't of Agric*. By maintaining venue in the District of Columbia, the plaintiffs can efficiently gather and present the evidence needed to support their claims, promoting judicial economy and reducing the burden on all parties involved.

In conclusion, each of these factors — presence of high-ranking officials, origin of decision-making processes, deference to the plaintiff's choice of forum, and convenience of accessing key evidence — strongly supports maintaining venue in the District of Columbia. These considerations align with the principles of fairness, efficiency, and respect for the plaintiff's strategic litigation decisions, justifying the denial of the defendants' motion to transfer.

## II.   Plaintiff's Claims Are Sufficiently Pled

Defendants argue that Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6). However, Plaintiff has sufficiently pled claims for relief under both the Administrative Procedure Act (APA) and due process violations. Specifically, Plaintiff contests the denial of her I-485 application for adjustment of status, arguing that the denial decision notice erroneously concluded that her priority date was unavailable on the visa bulletin when her transfer requests were submitted to USCIS.

In this case, Plaintiff has pled sufficient facts to support her assertion that the denial of her application was arbitrary and capricious under the APA. By showing that the denial stemmed from USCIS's failure to consider an essential aspect of her case, Plaintiff has established a plausible claim warranting judicial review. Due to statutory ambiguity, USCIS should have applied the "Dates for Filing" from the December 2022 Visa Bulletin when adjudicating both the Plaintiff's and similarly situated applicants' Form I-485 applications.

In response to the Defendants' claim that venue is improper in the District of Columbia due to a lack of substantial connection and an alleged failure to state a plausible claim against the Secretary of Homeland Security, we assert the legal and factual grounds supporting Plaintiff's position. Under 28 U.S.C. § 1391(e), venue is appropriate in any district where a defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where the plaintiff resides if no real property is involved. In this case, the presence of federal officials, including the Secretary of Homeland Security, who resides and performs official duties in the District of Columbia, establishes a significant connection to this forum.

The D.C. Circuit has consistently recognized that the residence of federal officials in their official capacity can establish venue in the District of Columbia, as illustrated in *Cameron v. Thornburgh*. Furthermore, Plaintiff's claims are not merely attempts to manufacture venue by naming high-ranking officials without a substantial connection to

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 12

the claims. The decision-making processes and policies challenged in this case originate from the Department of Homeland Security headquarters located in the District of Columbia. This connection satisfies the venue requirement under 28 U.S.C. § 1391(e), as policy decisions made in the District can establish venue even if the direct effects are felt elsewhere. The D.C. Circuit has held that the location of the decision-making process is crucial in determining venue, as demonstrated in *Greater Yellowstone Coalition v. Bosworth*.

Additionally, the argument that the Plaintiff fails to plead any plausible claim arising from the Secretary's official acts overlooks the broader context of the Secretary's role in overseeing the implementation of immigration policies and procedures. While the Secretary may delegate authority to USCIS, the overarching policies and directives guiding USCIS's actions are formulated and approved at the highest levels of the Department of Homeland Security. Plaintiff's claims challenge these policies and their implementation, inherently linking them to the Secretary's official capacity and responsibilities.

As the head of the Department of Homeland Security (DHS), the Secretary is not merely a figurehead but is responsible for setting the strategic direction and overarching policies governing the actions of subordinate agencies, including the United States Citizenship and Immigration Services (USCIS). Although the Secretary may delegate specific operational tasks to USCIS, the formulation and approval of the policies and

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 13

directives guiding USCIS's actions are conducted at the highest DHS levels, under the Secretary's leadership and authority. Plaintiff's claims are not isolated grievances against individual USCIS decisions but are fundamental challenges to broader policies and their implementation, inherently linked to the Secretary's official capacity and responsibilities.

These policies, which dictate how immigration applications are processed and adjudicated, are crafted and approved under the Secretary's oversight. Therefore, any systemic issues or unlawful practices in implementing these policies can be traced back to the directives and strategic decisions made at the DHS level. Moreover, the Secretary's role in ensuring immigration laws and policies are administered in accordance with statutory and constitutional mandates cannot be understated. The Secretary is charged with ensuring that USCIS and other DHS components align with the broader goals and legal requirements set forth by Congress and the Executive Branch. As such, when Plaintiff challenges the legality or fairness of the policies guiding USCIS's actions, it is appropriate and necessary to include the Secretary as a defendant, as these challenges implicate the Secretary's overarching responsibilities and the policies emanating from DHS.

## CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Transfer and Motion to Dismiss. Venue is proper in this District, and Plaintiff's claims are sufficiently pled to proceed.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 14

April 22, 2025

Respectfully submitted,

/s/ Marcelo Gondim
Marcelo Gondim, Esq.
Gondim Law Corp
1880 Century Park East, Ste 400
Los Angeles, CA – 90067
Ph: (323)282-7770
Email: court@gondim-law.com

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 15

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the following email address:

- Jared.Littman@usdoj.gov

Date: April 22, 2025

/s/ Marcelo Gondim

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Attorney for Plaintiff

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

BARBARA LUCIA DE MELO RABELO

*Plaintiff,*

v.

KRISTI NOEM, Secretary, Department of Homeland Security, et al.,

*Defendants.*

Case No.: 1:25-cv-00163

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS

**[PROPOSED] ORDER**

UPON CONSIDERATION Defendant's Motion to Transfer and Motion to Dismiss and the Plaintiffs' Opposition thereto, the Court finds that the Defendants' Motion to Transfer and Dismiss should be denied. The Court has reviewed the arguments and evidence presented by both parties and finds as follows:

1. ORDERED that Defendants' Motion to Transfer is DENIED; and it is further

2. ORDERED that Defendants' Motion to Dismiss is DENIED; and it is further

3. ORDERED that the case shall proceed in the United States District Court for the District of Columbia; and it is further

4. that Defendants shall file an answer to Plaintiff's complaint within 21 days of the date of this Order.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS - 17

      IT IS HEREBY ORDERED that the Defendant's Motion to Transfer and Dismiss is DENIED.

      SO ORDERED:

_____          _____

Date                    HON. LOREN L. ALIKHAN

                             United States District Judge