UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA LUCIA DE MELO RABELO,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security, et al.,<br><br>    Defendants. | Civil Action No. 25-0163 (LLA) |

**REPLY IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER AND DISMISS**

Defendants, through undersigned counsel, respectfully submit this reply in further support of their motion to transfer and dismiss (Defs. Mot., ECF No. 9).

Defendants explained in their motion that this immigration action should be transferred to the District of Utah, where Plaintiff resides. Defs. Mot. (ECF No. 9) at 2-9. Plaintiff seeks to compel the Government to take actions outside of this District, which many cases in this District have held is improper. *Id.* Defendants also moved, in the alternative, for dismissal. *Id.* at 9-13.

Notably, Plaintiff does not address the public and private interests that weigh into the venue determination, and therefore, the Court may treat Defendants' arguments on these points "as conceded." *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002). Instead, Plaintiff's entire argument in opposition is that venue is proper in this District because the Secretary of Homeland Security resides in this District and the "decision-making processes and policies challenged in this case emanate" from headquarters. Pl. Opp'n (ECF No. 10) at 9. But as in *Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993), Plaintiff's Complaint does not

allege a "rule or policy emanating from Washington that had affected [her] case." Rather, the "acts and omissions" related to the denial of her immigration petition, which is the crux of her case, occurred outside of this District, at the United States Citizenship and Immigration Services ("USCIS") facility where her application was denied. *See generally* Compl. (ECF No. 1).

Plaintiff's "unsubstantiated assumption that policy decisions made in Washington ultimately affected" the adjudication of her petition does not suffice to establish venue in this District. *Cameron*, 983 F.3d at 257; *see also, e.g., MVP Sports, Inc. v. Cissna*, Civ. A. No. 19-0742 (KBJ), 2020 WL 5816239, at *2 (D.D.C. Sept. 30, 2020) (finding this District was an improper venue in an application-specific immigration case; noting, "it is well settled that naming the director of an agency headquartered in this district 'does not alone anchor venue in the District of Columbia'") (cleaned up). Plaintiff fails to plausibly allege any official actions that the Secretary has failed to take, nor has Plaintiff presented a policy or practice challenge or lack other officers to sue.

As the D.C. Circuit warned, "Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia . . . [b]y naming high government officials as defendants." *Cameron*, 983 F.3d at 256. This is precisely what Plaintiff attempts to do, and the Court should not allow it. At bottom, "where, as here, the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process, venue is not appropriate in the District of Columbia." *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 307 (D.D.C. 2017) (quotation marks omitted; alterations in original).

The Court should, therefore, dismiss this case for improper venue or transfer this case to the District of Utah.

Dated: April 29, 2025  
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866  
United States Attorney

By:     */s/ M. Jared Littman*  
M. JARED LITTMAN  
Assistant United States Attorney  
601 D Street, NW  
Washington, DC 20530  
(202) 252-2523  
Jared.Littman@usdoj.gov

*Attorneys for the United States of America*